GENOVA & MALIN  
Attorneys for Debtor  
Hampton Business Center  
1136 Route 9  
Wappingers Falls, New York  12590  
(845) 298-1600  
Thomas Genova, Esq. (TG4706)  
Andrea B. Malin, Esq. (AM4424)

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
---------------------------------------------------------X  
IN RE:  
                                                                         **CHAPTER 13**  
PATRICIA CARAGINE,                           **CASE NO. 09-23797(CGM)**

                               Debtor.  
---------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR FINDING MORTGAGEE IN CIVIL CONTEMPT OF THIS COURT'S ORDER AND AWARDING TO THE DEBTORS THEIR, ATTORNEY FEES, COSTS, DISBURSEMENTS, AND SANCTIONS PURSUANT TO 11U.S.C.105 AND FEDERAL RULES OF <u>BANKRUPTCY PROCEDURE 9014 AND 9020</u>**

**<u>PRELIMINARY STATEMENT</u>**

       PATRICIA CARAGINE (the "debtor"), submits this Memorandum of Law in Support of Motion to find WELLS FARGO FINANCIAL, INC. ("WELLS") liable for civil contempt and awarding to the debtor her damages, attorneys fees, costs and disbursements pursuant to 11 U.S.C. §105 Federal Rule of Bankruptcy Procedure 9014 and 9020.

**<u>STATEMENT OF FACTS</u>**

       The facts upon which the debtor relies are set forth in the Affirmation of Andrea B. Malin, Genova & Malin, as if fully set forth herein.

**ISSUE PRESENTED**

1. Is WELLS in civil contempt of this Court's Loss Mitigation Order entered on December 9, 2009?

2. Should the debtor be awarded her attorneys fees, costs, and disbursements incurred due to the necessity to file this motion?

**ARGUMENT**
**POINT I**
**WELLS IS IN CIVIL CONTEMPT OF THIS COURT'S ORDER ENTERED ON DECEMBER 9, 2009 AND SHOULD BE HELD LIABLE TO THE DEBTORS FOR ITS CONTEMPT**

It is clear from the facts and circumstances set forth herein that WELLS has committed civil contempt due to its failure to comply with this Court's Order entered on December 9, 2009 (the "Order"), and should be held liable to the debtor therefor. 11 U.S.C. §105, Federal Rules of Bankruptcy Procedure 9014 and 9020; McComb v. Jacksonville Paper Co., 336 U.S. 187 (1949); Donovan v. Sovereign Security Ltd., 726 F.2d 55 (2d Cir. 1984); E.E.O.C. v. Local 638, 753 F.2d 1172 (2d Cir. 1985); Powell v. Ward, 643 F.2d 924 (2d Cir. 1981) cert. denied, 454 U.S. 832, 70 Led.2d 111 (1981); United States v. Paccione, 975 F.Supp. 537 (D.Ct.S.D.N.Y. 1997); In re Chief Executive Officers Clubs, Inc., 359 B.R. 527 (B.Ct.S.D.N.Y. 2007); and In re Kalpan Electronics, Inc., 58 B.R. 326 (B.Ct.E.D.N.Y. 1986).

> As the Second Circuit clearly set forth in the case of Powell, supra.:
> It is well settled in this circuit that a party may be held in civil contempt for failure to comply with an order of the court if the order being enforced is clear and unambiguous, the proof of noncompliance is "clear and convincing" and the defendants have not 'been reasonably diligent and energetic in attempting to accomplish what was ordered.'

2

Id. at 931. Moreover, "it is not necessary to show that defendants disobeyed the ... orders willfully." McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949) (See also: Donovan v. Sovereign Security Ltd., supra. and E.E.O.C. v. Local 638, supra..

The debtor has demonstrated to this Court that this matter satisfies all elements upon which a finding of civil contempt may be predicated. Id. First, the Order is without doubt "clear and unambiguous." The Order clearly sets forth WELLS' obligations, to wit: attend Loss Mitigation Conference, designate a contact person and conduct a conference with the debtors and debtor's counsel.

Second, proof of non-compliance with the Order has been clearly demonstrated by the fact that WELLS has failed to designate a Loss Mitigation Contact Person, attend this Court's Loss Mitigation Conference and adjourned conference, and to contact counsel to scheduled and conduct a Loss Mitigation Meeting between the parties.

Third, WELLS has failed, without excuse or justification, to attempt to comply with this Court's Order. It is clear that WELLS has obtained a copy of this Court's Order and notice of the debtor's filing, as WELLS has responded to the debtor's request for loss mitigation through its appointed representative. WELLS has offered absolutely no explanation or justification as to why the WELLS representative who received the Loss Mitigation Request did not provide it to the appropriate representative in WELLS so that compliance with this Court's Order could be achieved.

Accordingly, as WELLS has committed civil contempt in its refusal to comply with the Order, the Court should award to the debtor the appropriate damages and sanctions. McComb v. Jacksonville Paper Co., 336 U.S. 187 (1949); Donovan v. Sovereign Security Ltd., 726 F.2d 55 (2d Cir. 1984); EEOC v. Local 638, 753 F.2d 1172 (2d Cir. 1985); Powell v. Ward, 643 F.2d 924

(2d Cir. 1981) cert. denied, 454 U.S. 832, 70 Led.2d 111 (1981); United States v. Paccione, 975 F.Supp. 537 (D.Ct.S.D.N.Y. 1997); In re Chief Executive Officers Clubs, Inc., 359 B.R. 527 (B.Ct.S.D.N.Y. 2007); and In re Kalpan Electronics, Inc., 58 B.R. 326 (B.Ct.E.D.N.Y. 1986).

"Sanctions for civil contempt are imposed either to coerce compliance with the Order of the Court or to compensate the complainant for losses sustained for non-compliance." McComb, supra. at 191. The purpose for civil contempt sanctions is to accomplish the following goals: "(1) to coerce the contemnor into future compliance with the court's order, and (2) to compensate the complainant for losses resulting from the contemnor's past non-compliance." U.S. v. Paccione, supra. At 544.

> Additionally,
>
> [c]ompensatory damages for civil contempt may be awarded based on evidence of actual loss.... Attorneys fees are also recoverable.... Apart from whatever statutory basis that may exist permitting the award of attorneys;' fees, the Second Circuit has held that the complainant may be awarded attorneys' fees incurred as a result of prosecuting the contempt if the violation of the order is found to have been willful.... *See generally, Powell v. Ward*, 487 F.Supp. 917 (S.D.N.Y. 1980) defining "willful" as a volitional act done by one who knows or who should reasonably be aware that his conduct is wrongful.

In re Kalpana Electronics, Inc., supra. at 338-339. Compensatory sanctions should be employed by a court for the purpose of reimbursing the injured party for its actual damages. U.S. v. Paccione, supra. "Moreover, the [compensatory] sanction should correspond at least to some degree with the amount of damages." Id. at 545. In determining the appropriate sanction to impose, a court should consider:

> (1) The character and magnitude of the harm threatened by the continued contumacy, (2) The probable effectiveness of the sanction

> in bringing about compliance, and (3) The contemnor's financial resources and the consequent seriousness of the sanction's burden.... The ultimate consideration is whether the coercive sanction ... is reasonable in relation to the facts. That determination is left to the sound discretion of the ...court.

Id. at 545.

The outright refusal of WELLS to comply with this Court's Order not only arises to the level of "willful" but also to the level of egregious. In this case, WELLS does not deny receipt of the Loss Mitigation Request and Order, but simply refuses without justification or excuse to comply with the Order. This out right refusal to comply has resulted in the debtor's loss of attorney's fees, costs and disbursements of filing this motion and attending several conferences before this Court.

Under the circumstances, at the very least the debtor should be awarded her compensatory damages. McComb v. Jacksonville Paper Co., 336 U.S. 187 (1949); Donovan v. Sovereign Security Ltd., 726 F.2d 55 (2d Cir. 1984); EEOC v. Local 638, 753 F.2d 1172 (2d Cir. 1985); Powell v. Ward, 643 F.2d 924 (2d Cir. 1981) cert. denied, 454 U.S. 832, 70 Led.2d 111 (1981); United States v. Paccione, 975 F.Supp. 537 (D.Ct.S.D.N.Y. 1997); In re Chief Executive Officers Clubs, Inc., 359 B.R. 527 (B.Ct.S.D.N.Y. 2007); and In re Kalpan Electronics, Inc., 58 B.R. 326 (B.Ct.E.D.N.Y. 1986).

## **CONCLUSION**

For all of the foregoing reasons, the Court should grant the debtor's Motion and find that WELLS is in civil contempt and award to the debtor her attorneys fees, costs, disbursements;

and grant to the debtors such other and further relief as to this Court seems proper.

Dated: Wappingers Falls, New York
      March 3, 2010

GENOVA & MALIN
Attorneys for the Debtors

By: /s/Andrea B. Malin
ANDREA B. MALIN (AM4424)
Hampton Business Center
1136 Route 9
Wappingers Falls, NY 12590
(845) 298-1600